UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN AND DARIO CAMPO, ETC.         CIVIL ACTION

VERSUS         NO. 06-7182

ALLSTATE INSURANCE COMPANY,         SECTION "C"
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Dawn and Dario Campo, individually and d/b/a Mark Anthony's Hair Salon, Inc. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is inappropriate for the following reasons.

The plaintiffs' claims concern hurricane-related loss of business income sought under an insurance policy issued by defendant Allstate Insurance Company ("Allstate") to the plaintiffs' business in St. Tammany Parish, Louisiana. In connection with this claim, the plaintiffs claim that insurance agent Lawrence J. Orlando and LBO Holdings, LLC (collectively "Orlando") negligently and intentionally misrepresented the scope of

1

the business loss coverage purchased.[1]

This matter was removed on the basis of diversity.[2]  Allstate argues that the nondiverse agent defendants were improperly joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical

---

[1] There is no issue that the subject policy was first issued in 1999, that the subject coverage was added in October 2001, and that Orlando has not discussed the disputed aspect of the business income coverage since that time, although other unrelated changes were made to the policy in more recent years.

[2] The Court is satisfied that the jurisdictional minimum amount was in issue at the time of removal for diversity purposes.

possibility of recovery" does not preclude a finding of improper joinder. Smallwood, 385 F.3d at 572.

The court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Id.  "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Id.

Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id.

However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested.  Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).  The Court finds that the plaintiffs have stated a claim against Orlando for negligent and intentional misrepresentation and breach of duty with regard to the procurement of the subject insurance for purposes of improper joinder.

The issue of prescription and preemption is governed by under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Allstate argues that any claim against Orlando that any alleged misconduct concerning

loss of business income coverage occurred in October 2001 when the policy was amended to include that coverage. The Court agrees with Allstate on this issue. Any relevant "alleged act, omission or neglect" occurred outside the three-year period and is preempted.[3]

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs is DENIED. (Rec. Doc. 13).

New Orleans, Louisiana, this 17th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3] The plaintiffs belatedly argue that they have alleged fraud in their petition with regard to Orlando. The Court's reading of the petition indicates that the word "fraud" is not contained in the petition, and the Court finds that the plaintiffs can not avoid the statutory time bar based on this belated argument.