UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN AND DARIO CAMPO, ETC.          CIVIL ACTION

VERSUS                              NO. 06-7182

ALLSTATE INSURANCE COMPANY,         SECTION "C"
ET AL

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by the defendant, Allstate Insurance Company ("Allstate"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment should be partially granted and partially denied.[1]

The plaintiffs are suing for Katrina-related losses under a "Business Customizer Insurance Policy" issued by Allstate. Allstate claims in this motion that because the plaintiffs' business losses were not caused by direct physical damage to the building in which the plaintiffs' business operates, the losses are not covered under the policy. In support of this argument, Allstate primarily relies on the provision describing "Coverage A - Business Property:" "This policy insures your covered property for loss or damage resulting from direct physical loss, except for those Losses We Do Not Cover listed below." (Rec. Doc. 37, Exh. A, p. 10). It also refers to the exclusion for "Delay or

---

[1] The defendant's motion calls for summary judgment "on all claims by Plaintiffs" but as will be noted in this order and reasons, not all claims were addressed.

1

Loss of Market:" "We will not cover any losses caused by any delays or because you have lost customers for any reason." (Rec. Doc. 37, Exh. A, p. 12).

In opposition, the plaintiffs argue that the optional coverage for "Loss of Income-Rents" provides coverage for its loss of income. The policy provision provides that "The following Optional Coverages are subject to the agreements and conditions applicable to Coverage A - Business Property, except as otherwise provided." (Rec. Doc. 37, Exh. A, p. 15). The provisions upon which the plaintiffs rely provide as follows:

> When coverage is shown in the Declarations for Loss of Income, we will pay up to 12 consecutive months from the time of loss for:
>
> 1. Your <u>loss of income resulting from a covered loss</u> but not to exceed the actual reduction in net income from the operation of the business plus charges and expenses which necessarily continue during the interruption of business. In determining your loss, we will consider the normal charges and expenses, including payroll expense, to the extent necessary to resume operations of the insured with the same quality of service which existed immediately preceding the loss. We will not pay for more than your actual loss of net income for the shortest time required to repair or replace your property with the exercise of due diligence and dispatch.
>
> ***
>
> 3. Your loss of income or net rental income, after reopening or resumption of your business, for an additional 60 consecutive days to return your business to the income position which would have existed had no loss occurred.
>
> 4. The reasonable and necessary loss of net income or net rental income for up to two weeks should civil authorities prohibit you

>from occupying the insured premises due to a loss at the immediately adjacent premises, caused by a peril we insure you against.

(Rec. Doc. 37, Exh. A, p. 15)(emphasis added).

The plaintiffs first argue that Allstate delayed paying under the "Civil Authorities" provision at No. 4 above until after it received a demand letter from counsel. They next argue that there is no language limiting payment for loss of income only when there is physical damage to the insured property and, in any event, there was such physical damage for which Allstate paid under the policy. Finally, the plaintiffs argue that because the "Civil Authorities" provision provided coverage, "it became a 'covered claim' subject to all the provisions of the loss of income coverage." (Rec. Doc. 40, p. 7).[2]

In reply, Allstate discuss only the first and fourth provisions for loss of income. The Court agrees that the unambiguous language of the first provision does not afford the plaintiffs the coverage they seek. It is clearly premised on a "loss of income resulting from a covered loss," and the plaintiffs can point to no "loss of income" which "resulted" from a "covered loss." Here, it is true that the loss for which the plaintiffs seek coverage is the loss of income, as opposed to damage to the business property.

---

[2] The plaintiffs also argue that Allstate has not met its burden of proof as to the applicability of any exclusion, that Allstate paid an insufficient amount and that it was arbitrary and capricious because of its delay in paying.

However, the undisputed facts indicate that, although a loss of income may have occurred, a covered loss consisting of physical damage to the building and/or any other covered loss did not cause the loss of income.[3]  With respect to the fourth provision, any "covered loss" consisting of the "Civil Authorities" evacuation is limited by the policy provision to two weeks loss of income.[4]

Allstate does not appear to address, however, the language set forth in the second provision for "Loss of Income-Rents."  That provision reads that "we will pay up to 12 months from the time of loss for: ... [y]our loss of net income or net rental income, after reopening or resumption of your business, for an additional 60 consecutive days to return your business to the income position which would have existed had no loss occurred."  There is no reference to physical loss in the 60 day provision.  It would appear that this provision provides for exactly what it says it provides for, and would include a loss of income once reopened after Civil Authorities had prevented the plaintiff from operating their business.[5]

---

[3]  The Court does not pass on whether the fact that the plaintiffs reopened their business after the two week evacuation is disputed or not.

[4]  The Court does not pass on whether the "Civil Authorities" payment by Allstate was sufficient or timely.  This was not raised in the motion for summary judgment and remains an open question.

[5]  The Court does not pass on whether penalties are appropriate for the failure to pay under the 60 day provision and that also remains an open question.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant, Allstate Insurance Company, is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 37).

IT IS FURTHER ORDERED that the motions for leave to file are granted. (Rec. Docs. 51, 53).

New Orleans, Louisiana, this 28th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE